The opinion of the court was delivered by
Mare, J.
The defendant corporation is appellant from a judgment condemning it to pay a license tax of $1000, imposed by an ordinance 'of the City Council.
The answer denies the power and authority of the city to impose any license tax on defendant. The ground of exemption is not stated in the answer; but it is claimed under the act of 1870, extra session, No. 70, p. 154, incorporating the bank. Section three of this act, after *638 stating the objects and powers of the corporation, adds, in the last clause,-“and it shall be exempt from taxation, except on real estate.” It does not appear that there was any consideration whatever for this exemption.
The amended charter of the city of New Orleans, act of 1870, extra session, No. 7, section 12, paragraph 20, specially empowers the Council to levy an equal and uniform tax on all property, real and personal, and to levy a license tax upon all persons pursuing any trade, profession or calling; “ and said license tax shall not be construed to be a tax on property.”
The city ordinance under which this license tax is claimed was adopted 19th December, 1876; and the first section, which fixes the yearly rate for the license, is as follows:
“Every bank, banking house, banking compa'ny or banking agency receiving deposits, or dealing in gold, silver, uneurrent money or exchange, or doing any banking business, one thousand dollars.”
Defendant was doing a banking business'; and it was specially authorized by section three of the act of incorporation “ to receive on deposit money and valuables of every description, * * * and to pay out and deliver the same by check or otherwise.”
Two questions arise for solution:
1st. Was it the design of the legislature, by the exemption in the act of incorporation, to relieve defendant of liability to the license tax imposed on other corporations pursuing the like business ?
2d. Had the legislature the power under the constitution of 1868, art. 118, to grant such exemption ?
First. In the act amending the city charter, section 12, paragraph 20, the distinction is plainly drawn between the license tax and the tax on property. The tax on property is ad valorem, at a fixed rate per cent; the license tax is levied by classes, at 'a fixed sum on all who fall within each class respectively. When the word “ tax,” or “ taxation” is used without prefix or qualification in revenue laws, an imposition on property, in general, is implied; and the burden on professions and callings is usually expressed by the phrase “ license tax.”
Exemptions are construed strictly; and when one claims that general laws, applicable to all persons in the same category with himself, do not apply to him, he must bring himself clearly within some positive exception. Section one of the act incorporating this bank, authorizes it to acquire such real estate as may be necessary for carrying on its business, a suitable banking house, for example, and such other real estate as may be acquired from the foreclosure of .mortgages, in the collection of its debts. It was not the intention of the legislature to exempt such real estate from taxation, but only the personal property *639 of the bank, its capital, for instance, which would probably be taxed as part of the individual property of the stockholders. The fair and reasonable interpretation of the last clause of section three of the act, “and it shall be exempt from taxation, except on real estate,” is that the legislature had in view only that burden imposed upon property, ad valorem, which is aptly expressed by the word “ taxation,” and that it neither contemplated, nor intended to grant, exemption from that imposition on professions and callings, which, in common parlance, is denominated a “ license tax.”
Second. The constitutions of 1845, art. 127, and 1852, art. 123, authorized the legislature to tax all persons pursuing any occupation, trade or profession; but they did not use the word “license.” Under both constitutions licenses were granted, and license taxes were imposed and collected. The constitution of 1868 requires all persons pursuing any occupation, trade or calling, to obtain a license, as provided by law. The language of the constitution, art. 118, is:
“ The General Assembly may levy an income tax upon all persons pursuing any occupation, trade or calling. And all such persons shall obtain a license,, as provided by law.”
The constitutions of 1845 and 1852, left it to the option of the legislature to levy an income tax, or a tax on occupations, trades and professions. The constitution of 1868 also makes the levy of an income tax optional; but it requires, by the use of the word “shall,” persons pursuing occupations to obtain a license, as provided by laiv. This language implies, necessarily, that a license tax shall be imposed, where the license is required. If an income tax is levied, it must be upon all persons pursuing any occupation, trade or calling, that is, upon all persons having income; and a subsequent clause of article 118, requires this tax to be “pro rata on the amount of income, or business done.” The words “ all such persons shall obtain a license,” do not mean all persons upon whom an income tax is levied; because the' levying of that tax is optional. The word “ such” simply designates, by reference to the enunciation in the preceding clause, the persons who are required to obtain a license, that is, persons pursuing occupations, trades and callings. The words “ all such persons,” are restricted in their meaning by the qualification, as provided by law. The legislature, therefore, must provide by law, what occupations, trades and callings are subject to the license tax; and what license tax shall be imposed upon each occupation, trade and calling.
It cannot be supposed that the framers of the constitution intended to require the priests and ministers of religion, the farmer, the day-laborer, and numerous other persons pursuing occupations, to obtain a license. The power, therefore, was left with the legislature to select the *640 occupations, trades and callings, upon which the license tax should be-levied. But all taxation is, by this article of the constitution, required to be equal and uniform. In the exercise of the discretion necessarily-deferred to the legislature by the words “ as provided by law,” certain occupations, trades and callings may be omitted; but when any such omission is made, it must apply equally to all persons throughout the-State pursuing the occupation thus omitted, and none of them can be subjected to the license tax. When the legislature has selected the occupations, trades and callings which are to be subjected to the license tax, the law of equality and uniformity requires that all persons in the State pursuing such occupations, trades and callings, according to their respective classifications, shall be subject to the license tax which is imposed upon each class respectively; and that none in any one of the-classes shall be exempt.
The legislature must be understood not to have intended to violate the constitution. If it be conceded that, in selecting the occupations, trades and callings to be subjected to the license tax, the legislature might omit banking corporations, it would not thence follow that one such corporation alone might be exempted by a special law. On the contrary, the great law of equality and uniformity forbids any such special exemption; and requires that all, the entire class, shall be exempt, or that all composing that class shall be subject to the same imposition.
Whatever the intention of the legislature may have been, whether it had or had not the power to grant any exemption to this bank, our conclusion is that the constitution forbids special individual exemption from the license tax; and that the city had the power and authority, by the express terms of the charter, to require this bank to pay the license tax, which the ordinance imposed on each and every bank pursuing the business of banking within the city limits.
The judgment appealed from is therefore affirmed with costs.